UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>-against-<br><br>UTICA FIRST INSURANCE COMPANY<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, The Charter Oak Fire Insurance Company ("Charter Oak"), by and through its undersigned counsel, as and for its Complaint against Defendant, Utica First Insurance Company ("Utica"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Charter Oak is providing a defense to BEE Associates LLC ("BEE Associates") in a lawsuit entitled *Edwin Gustavo Hernandez Perez v. BEE Associates LLC and Star Indian Cuisine, LLC* in the Supreme Court of the State of New York, County of Nassau, Index number 601114/2021 (the "Underlying Action").

2. In the instant action, Charter Oak seeks a declaration that Utica is obligated to defend and indemnify BEE Associates in the Underlying Action as an "additional insured" under the policy of liability insurance issued by Utica, on a primary, non-contributory basis, and that Charter Oak is entitled to judgment for all defense and indemnity costs incurred on behalf of BEE Associates in the Underlying Action.

## THE PARTIES

3. At all times relevant hereto, Charter Oak was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, and at all times relevant hereto, Utica is a New York corporation with a principal place of business in Oriskany, New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. In the Underlying Action, Edwin Gustavo Hernandez Perez ("Claimant") seeks recovery for alleged personal injuries sustained in an accident that took place on June 27, 2019 in Hicksville, New York. The purported value of the Underlying Action exceeds $75,000.00.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Utica.

9. Charter Oak has no adequate remedy at law.

## THE RELEVANT POLICIES

10. Utica issued a general liability insurance policy to Star Indian Cuisine LLC ("Star Indian Cuisine") bearing policy number BOP 4457560 00 for the policy period September 26, 2018 to September 26, 2019 (the "Utica Policy").

11. Subject to certain terms, conditions, and exclusions, the Utica Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12. The Utica Policy specifically identifies BEE Associates as an "additional insured" on an endorsement entitled, "ADDITIONAL INSURED – LESSOR OF PREMISES." Under the terms of this endorsement, BEE Associates is entitled to protection from liability for injury or damage: (a) "for which 'you' are legally liable"; and (b) "caused, in whole or in part, by 'your' acts or omissions or the acts or omissions of those acting on 'your' behalf in connection with that part of the premises shown in the Schedule that is leased to 'you' from the person or organization shown in the Schedule."

13. Charter Oak issued a general liability insurance policy to BEE Associates bearing policy number Y-660-5N361399-COF-19 for the policy period April 17, 2019 to April 17, 2020 (the "Charter Oak Policy").

14. Subject to certain terms, conditions, and exclusions, the Charter Oak Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Charter Oak Policy contains an excess "other insurance" provision which provides that coverage under the Charter Oak Policy is excess over any other insurance available to an insured when the insured has been added as an "additional insured" on another policy.

**BACKGROUND FACTS**

16. BEE Associates (the "Landlord") and Sakoon, Inc. (the "Tenant") entered into a Commercial Lease Agreement dated December 23, 2014 (the "Lease"), pursuant to which the

3

Tenant leased a portion of the building located at 247-275 Old Country Road, Hicksville, NY 11801 (the "Leased Premises").

17. The terms of the Lease required the Tenant to maintain comprehensive general liability insurance naming the Landlord as an "additional insured." The Lease also required the Tenant to defend and indemnify the Landlord from any claim resulting from the conduct of the Tenant.

18. On or about September 26, 2018, Sakoon, Inc. assigned the Lease to Star Indian Cuisine. As a consequence of this assignment, Star Indian Cuisine became the Tenant and assumed all of the benefits and obligations set forth in the Lease.

19. In the Underlying Action, Claimant alleges that, on or about June 26, 2019, while installing a sign at the Leased Premises, he was struck by falling construction material and fell from a ladder causing him to be injured. The work in question was undertaken by Broadway Printing & Signs ("Broadway Printing") a contractor hired by Star Indian Cuisine.

20. Charter Oak is defending BEE Associates in connection with the Underlying Action.

21. In the Underlying Action, Claimant seeks to impose liability on BEE Associates for alleged bodily injury which was caused, in whole or in part, by the acts or omissions of Star Indian Cuisine or the acts or omissions of those acting on its behalf in connection with the Leased Premises. Star Indian Cuisine is a Defendant in the Underlying Action.

## TENDERS TO UTICA

22. By correspondence dated October 29, 2021, Charter Oak tendered the defense and indemnity of BEE Associates to Utica.

23. By correspondence dated December 1, 2021, Utica rejected Charter Oak's tender.

24. By correspondence dated February 3, 2022, Charter Oak renewed its tender to Utica. Utica rejected this additional tender on August 11, 2022.

25. To date, Utica still refuses to provide a defense and indemnity to BEE Associates under the Utica Policy even though BEE Associates is an actual insured on this Policy and its "named insured" is a Defendant in the Underlying Action.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

26. Charter Oak repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "25" above as if fully set forth herein.

27. BEE Associates qualifies as an "additional insured" under the Utica Policy.

28. The coverages provided to BEE Associates under the Utica Policy are primary and non-contributory to any coverage provided by the Charter Oak Policy.

29. Accordingly, Charter Oak seeks a declaration that Utica has an obligation to defend and indemnify BEE Associates as an "additional insured" under the Utica Policy; that the coverages provided by the Utica Policy to BEE Associates are primary; and that the obligations of Charter Oak to BEE Associates in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Utica Policy.

30. In addition, Charter Oak seeks an award at law and in equity against Utica for recovery of all sums Charter Oak has paid and continues to pay in the defense of BEE Associates in the Underlying Action because the coverages provided by the Utica Policy are primary to any coverage provided by Charter Oak.

WHEREFORE, Plaintiff Charter Oak respectfully requests that this Court issue judgment as follows:

1. Declaring that BEE Associates is an additional insured under the Utica Policy to whom Utica owes coverage with respect to the Underlying Action;

2. Declaring that Utica has a duty to defend BEE Associates in the Underlying Action up to and including the respective policy limits of the Utica Policy;

3. Declaring that all coverage owed by Utica to BEE Associates with respect to the Underlying Action is primary to any coverage provided by Charter Oak to BEE Associates;

4. Declaring that the obligations of Utica to BEE Associates with respect to the Underlying Action are primary to any obligations of Charter Oak to BEE Associates;

5. Declaring that the obligations of Charter Oak to BEE Associates in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Utica Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against Utica in an amount equal to the sums that Charter Oak incurred and continues to incur in defending the claims against BEE Associates in the Underlying Action;

7. Awarding judgment against Utica in an amount equal to any sums that Charter Oak may incur to resolve the claims and indemnify BEE Associates in the Underlying Action;

8. Granting an award in favor of Charter Oak for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 31, 2022

        **RESPECTFULLY SUBMITTED:**

        **USERY & ASSOCIATES**


By:    /s/Michael E. Buckley
        Michael E. Buckley
        Attorneys for Plaintiffs
        The Charter Oak Fire Insurance Company
        Main: 917.778.6680
        Fax: 844.571-3789
        Email: mbuckle4@travelers.com

        <u>Please address all correspondence sent by mail to:</u>
        P.O. Box 2996
        Hartford, CT 06104-2996

        <u>Physical Address</u>:
        485 Lexington Avenue, 6th Floor
        New York, NY 10017