UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHARTER OAK FIRE INSURANCE COMPANY,

                      Case No.: 1:22-cv-06611-FB-JRC

                 Plaintiff,

  -against-                       **ANSWER, AFFIRMATIVE**
                                                                     **DEFENSES, AND**
UTICA FIRST INSURANCE COMPANY,             **COUNTERCLAIMS**

                 Defendant.
------------------------------------------------------------------X

       Pursuant to Rule 7, *et seq.*, of the Federal Rules of Civil Procedure, defendant Utica First Insurance Company, ("Utica First") by and through its attorneys, Farber Brocks & Zane L.L.P., as and for its Answer to the Complaint, Affirmative Defenses, and Counterclaims, respectfully alleges upon information and belief, as follows:

## NATURE OF THE ACTION

       1.     Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 1 of the Complaint, and they are therefore deemed denied.

       2.     To the extent that a response to Paragraph No. 2 of the Complaint is required, Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said Paragraph and refers all questions of fact and law to the Court.

## THE PARTIES

       3.     Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3 of the Complaint, and they are therefore deemed denied.

{01245796.DOCX /}

4. Utica First denies the allegations of Paragraph No. 4 of the Complaint, except admits that Utica First is a licensed insurance company authorized to issue policies of insurance in the State of New York, with a mailing address of P.O. Box 851, Utica, New York, 13503.

## JURISDICTION AND VENUE

5. To the extent that a response to Paragraph No. 5 of the Complaint is required, Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said Paragraph and refers all questions of fact and law to the Court.

6. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 6 of the Complaint, and they are therefore deemed denied.

7. To the extent that a response to Paragraph No. 7 of the Complaint is required, Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said Paragraph and refers all questions of fact and law to the Court.

8. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Nos. 8 and 9 of the Complaint, and they are therefore deemed denied.

## THE RELEVANT POLICIES

9. Utica First denies the allegations of Paragraph No. 10 of the Complaint, except admits that Utica First issued a businessowners policy, policy, Policy No. BOP 4457560, to Star Indian Cuisine LLC, ("Star Indian Cuisine"), for the policy period September 26, 2018 through September 26, 2019, (the "Utica First Policy"), and respectfully refers the Court to the Utica First Policy for its true and complete terms.

10. Utica First denies the truth of the allegations of Paragraph Nos. 11 and 12 of the Complaint as stated, and respectfully refers the Court to the Utica First Policy for its true and complete terms.

11. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Nos. 13, 14, and 15 of the Complaint, and they are therefore deemed denied.

## BACKGROUND FACTS

12. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Nos. 16 through 21, inclusive, of the Complaint and refers all questions of fact and law to the Court.

## TENDERS TO UTICA

13. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 22 of the Complaint, and they are therefore deemed denied.

14. Utica First denies the allegations of Paragraph No. 23 of the Complaint, except admits that Utica First has disclaimed coverage of Bee Associates, LLC for the lawsuit captioned Edwin Gustavo Hernandez Perez v. BEE Associates LLC and Star Indian Cuisine, LLC, commenced in Supreme Court, Nassau County, under Index No. 601114/2021, (the "Underlying Lawsuit").

15. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 24 of the Complaint, and they are therefore deemed denied.

16. Utica First denies the allegations of Paragraph No. 25 of the Complaint, except admits that Utica First has disclaimed coverage of Bee Associates, LLC for the Underlying Lawsuit.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

17. As and for a response to Paragraph No. 26 of the Complaint, Utica First repeats, reiterates, and realleges each and every response to the allegations contained in Paragraph Nos. 1 through 25, inclusive, of the Complaint, as though fully set forth herein.

18. Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Nos. 27 and 28 of the Complaint, and respectfully refers the Court to the Utica First Policy for its complete and accurate terms and conditions.

19. To the extent that responses to Paragraph Nos. 29 and 30 of the Complaint are required, Utica First denies having knowledge or information sufficient to form a belief as to the truth of the allegations of said Paragraphs and refers all questions of fact and law to the Court.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. At all relevant times, neither Plaintiff nor any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates LLC, was or is an insured or an additional insured under the Utica First Policy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Plaintiff has not stated a cause of action against Utica First.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. The allegations in the complaint in the Underlying Lawsuit do trigger additional insured coverage under the Utica First Policy for Plaintiff or for any person or entity through or

on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. 0In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, for the claims alleged in the Underlying Lawsuit, the existence of which coverage is denied by Utica First, such coverage is subject to and limited by all of the terms, limitations, and exclusions of the Utica First Policy and all endorsements thereto, including, but not limited to, the per occurrence and aggregate limits of the Utica First Policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, for any claims arising from the accident alleged in the Underlying Lawsuit or the Third-Party Lawsuit, the existence of which coverage is denied by Utica First, such coverage is subject to and limited by all of the terms, limitations, and exclusions of the Utica First Policy and all endorsements thereto.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, for the claims alleged in the Underlying Lawsuit, the existence of which coverage is denied by Utica First, such coverage is limited by the other insurance provisions of the Utica First Policy and all other applicable policies.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

26. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, for the claims alleged in the Underlying Lawsuit, the existence of which coverage is denied by Utica First, such coverage is excess to coverage provided by one or more other policies of insurance issued to Bee Associates by other insurers, and Utica First is, therefore, not liable to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, unless and until all such other coverage is exhausted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

27. There is no coverage under the Utica First Policy for any expenditure by Plaintiff or by any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, for the defense of the Underlying Lawsuit, or for any amount paid in settlement thereof, as all such expenditures and payments were voluntary, gratuitous, unreasonable, or unnecessary.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28. To the extent that Plaintiff or any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, are insured under their own policy of insurance, damages herein are limited to such person's or entity's out-of-pocket costs incurred in obtaining such other policy, pursuant to <u>Inchaustegui v. 666 Fifth Avenue</u>, 96 N.Y.2d 111, 725 N.Y.S.2d 627 (2001).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. The claims of Plaintiff and any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, are

{01245796.DOCX /}                                6

barred to the extent that they seek contractual indemnification founded upon any indemnification agreement that is violative of the General Obligations Law and against public policy.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

30. There is no coverage under the Utica First Policy for defense costs incurred by Plaintiff or any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, prior to Utica First receiving notice of the Underlying Lawsuit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

31. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, for the claims alleged in the Underlying Lawsuit, the existence of which coverage is denied by Utica First, neither Plaintiff nor any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, as a matter of law, is entitled to recover any attorney fees or costs incurred by or on behalf of Plaintiff or any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, in connection with the instant declaratory judgment lawsuit, pursuant to <u>Mighty Midgets, Inc., v. Centennial Insurance Company</u>, 47 N.Y.2d 12, 416 N.Y.S.2d 559 (1979).

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

32. In the event that Plaintiff or any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, is found to be an additional insured under the Utica First Policy, which status Utica First denies, coverage of Plaintiff and all such persons or entities for the claims alleged in the Underlying Lawsuit is precluded by the employee exclusion in the Utica First Policy.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

33. The allegations in the complaint in the Underlying Lawsuit do not trigger coverage for contractual liability under the Utica First Policy.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

34. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, the existence of which coverage is denied by Utica First, for the claims alleged in the Underlying Lawsuit, coverage is precluded by the contractual liability exclusion to the Utica First Policy.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff has failed to join necessary and indispensable parties to this action.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

37. Any claim asserted against any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, in the Underlying Lawsuit for which Plaintiff seeks coverage here is barred by the provisions of the New York State Worker's Compensation Law, as amended.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

38. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, the existence of which coverage is denied by

Utica First, for the claims alleged in the Underlying Lawsuit, coverage is precluded by the worker's compensation exclusion to the Utica First Policy.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

39. Plaintiff and all persons and entities through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, lack privity with Utica First.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

40. In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, the existence of which coverage is denied by Utica First, for the claims alleged in the Underlying Lawsuit, and if it should be found after trial that Utica First's insured, Star Indian Cuisine, LLC, is liable in the amount of 50% or less of the total liability assigned to all persons liable, then liability of Utica First for non-economic loss shall not exceed Star Indian Cuisine, LLC's equitable share of liability determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss in accordance with Article 16 of the CPLR.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

41. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff in the Underlying Lawsuit for medical care, dental care, custodial care, or rehabilitative services, loss of earnings or other economic loss has been, or will, with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545 of the New York Civil Practice Law and Rules. Accordingly, In the event that the Utica First Policy is found to provide coverage to Plaintiff or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee

Associates, LLC, the existence of which coverage is denied by Utica First, Utica First is entitled to a set-off to the extent of such collateral source payments.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

42. If Utica First has any liability to Plaintiff, or to any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, the existence of which liability is denied by Utica First, for the claims alleged in the Underlying Lawsuit, Utica First is entitled to set-off against such liability the amount of premium which would have been charged by Utica First for the coverage which the third-party plaintiff alleges should have been provided and to further set-off against such liability the amount of any deductible or other deductions which would have been made by Utica First from the loss amount claimed.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

43. As against Utica First, the rights of Plaintiff, as insurer, cannot exceed those of its insured, Bee Associates, LLC.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

44. If any damages are recoverable against Utica First, the amount of such damages must be reduced to the extent that the plaintiff in the Underlying Lawsuit settled or released other persons pursuant to General Obligations Law §15-108.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

45. The claims of Plaintiff and any person or entity through or on whose behalf Plaintiff claims relief in this lawsuit, including but not limited to Bee Associates, LLC, are or may be barred in whole or in part by the doctrines of laches, waiver, estoppel, and the applicable statutes of limitations.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

46. Utica First's investigation, including discovery, in this matter is incomplete and is continuing. Utica First reserves the right to assert different or additional affirmative defenses and to supplement those asserted herein upon, among other things and without limitation, discovery of further information regarding the subject claims, and upon further investigation into the provisions, terms and conditions of the applicable insurance policies.

## AS AND FOR A FIRST COUNTERCLAIM

47. Utica First repeats, reiterates, and realleges each and every response to the allegations of the Complaint as set forth in Paragraph Nos. 1 through 19, inclusive, hereinabove, and each and every Affirmative Defense set out in Paragraph Nos. 20-46, inclusive, hereinabove, as though fully set forth herein.

48. The Utica First Policy includes a form titled "Additional Insured - Lessor of Premises" form BP 0845 10 05, (the "Additional Insured Endorsement"), which provides that:

> The Commercial Liability Coverage are amended as follows:
>
> 1. Under Additional Definitions, the definition of "insured" is amended to include each person or organization shown in the Schedule as an additional insured, but only with respect to such person's or organization's liability for "bodily injury", "property damage", or "personal and advertising injury":
>
>     a. for which "you" are legally liable; and
>
>     b. caused, in whole or in part, by "your" acts or omissions or the acts or omissions of those acting on "your" behalf in connection with that part of the premises shown in the Schedule that is leased to "you" from the person or organization shown in the Schedule.
>
> 2. With respect to the coverage provided to these additional insureds, this insurance does not apply to:

    a. structural alteration, new construction, or demolition operations performed by or on behalf of the person or organization shown in the Schedule; or

    b. any "occurrence" that takes place after "you" are no longer a tenant of the premises shown in the Schedule.

49. The Additional Insured Endorsement designates Bee Associates, LLC, 244 West 39th Street, New York, NY 10081, as the Additional Insured.

50. By reference to the Utica First Policy declarations, the Additional Insured Endorsement identifies the "Designated Premises" as that portion of the premises located at 275 W. Old Country Road, Hicksville, New York, 11801 occupied by Star Indian Cuisine as a restaurant.

51. On information and belief, based on the allegations of the verified complaint in the Underlying Lawsuit and the verified third-party complaint in the third-party lawsuit captioned <u>Bee Associates, LLC, v. Star Indian Cuisine, LLC</u>, commenced in Supreme Court, Nassau County, under Index No. 601114/2021, (the "Third-Party Lawsuit"), the employer of the plaintiff in the Underlying Lawsuit was hired or retained by Bee Associates to perform certain structural alteration, new construction, and/or demolition operations at the premises located at 275 Old Country Road, Hicksville, New York, (the "Premises"), purportedly owned, operated, controlled, managed, and maintained by Bee Associates, LLC.

52. On information and belief, based on the allegations of the verified complaint in the Underlying Lawsuit and the verified third-party complaint in the Third-Party Lawsuit, the plaintiff in the Underlying Lawsuit sustained the injuries alleged therein during and in the course of his employment by the entity that had been hired or retained by Bee Associates, LLC, to perform certain structural alteration, new construction, and/or demolition operations at the Premises.

53. The Utica First Policy defines the words "you" and "your," as "the persons or organizations names [sic] on the Declarations."

54. The only person or organization named on the Declarations page of the Utica First Policy is Star Indian Cuisine, LLC.

55. Accordingly, since Utica First's insured, Star Indian Cuisine, is not legally liable for any injury allegedly sustained by the plaintiff in the Underlying Lawsuit as alleged therein, coverage of Bee Associates for the claims asserted against it in the Underlying Lawsuit, as an additional insured under the Utica First Policy, was not triggered.

56. In addition, since the injuries alleged to have been sustained by the plaintiff in the Underlying Lawsuit were not caused, in whole or in part, by the acts or omissions of Star Indian Cuisine or the acts or omissions of a person or entity acting on Star Indian Cuisine's behalf, coverage of Bee Associates for the claims asserted against it in the Underlying Lawsuit, as an additional insured under the Utica First Policy, was not triggered.

57. Further, even if coverage of Bee Associates for the claims asserted against it in the Underlying Lawsuit, as an additional insured under the Utica First Policy, had been triggered, coverage of such claims is precluded by operation of the coverage exclusion set out in ¶ 2.a of the Additional Insured Endorsement.

58. As a result, a justiciable controversy exists between Utica First and Plaintiff regarding the rights of each other under the Utica First Policy with respect to the allegations of the Underlying Lawsuit and the Third-Party Lawsuit.

59. Utica First has no adequate remedy at law.

60. Therefore, Utica First respectfully requests that this Court render a declaratory judgment, pursuant to CPLR 3001, declaring (i) that Utica First has no obligation to provide

coverage under the Utica First Policy to Plaintiff or to any other person or entity, including, but not limited to Bee Associates, LLC, for any damage, cost, or expense incurred as a result of or in connection with the Underlying Lawsuit or the Third-Party Lawsuit; (ii) that Utica First is under no obligation to defend or indemnify Plaintiff or any other person or entity, including, but not limited to Bee Associates, LLC, in connection with the Underlying Lawsuit or the Third-Party lawsuit; and (iii) that Utica First is under no obligation to reimburse or otherwise compensate Plaintiff or any other person or entity, including, but not limited to Bee Associates, LLC, for any damage, cost, or expense incurred in connection with the Underlying Lawsuit or the Third-Party Lawsuit, or for any judgment or settlement obtained by any person or entity, including, but not limited to the plaintiff in the Underlying Lawsuit, against any other person or entity in connection with any lawsuit, including, but not limited to, the Underlying Lawsuit and the Third-Party Lawsuit, arising out of the accident alleged in the Underlying Lawsuit.

**WHEREFORE**, Utica First demands judgment:

  A. Dismissing the Complaint herein, with prejudice;

  B. Awarding Utica First judgment on its counterclaims;

  C. Awarding it its costs and disbursements in this action; and

  D. Awarding it such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
   December 23, 2022

(Pursuant to Rule 130-1.1-a)
FARBER BROCKS & ZANE L.L.P.

By: _____
Andrew J. Mihalick (3995)

Attorneys for Defendant
UTICA FIRST INSURANCE COMPANY
400 Garden City Plaza, Suite 100
Garden City, NY 11530
amihalick@fbzlaw.com
azane@fbzlaw.com
T: (516) 739-5100
F: (516) 739-5130
File No.: 12-12309

TO:
Michael E. Buckley, Esq.
USERY & ASSOCIATES
Attorneys for Plaintiff
485 Lexington Avenue, 6th Floor
New York, NY 10017
T: (917) 778-6680
F: (844) 571-3789
mbuckle4@travelers.com

Mailing Address:
PO Box 2996
Hartford, CT 06104-2996