UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE
COMPANY,

                 Plaintiff,                **MEMORANDUM & ORDER**

       -against-                  1:22-cv-06611-OEM-JRC

UTICA FIRST INSURANCE COMPANY,

                 Defendant.
----------------------------------------------------------------X
**ORELIA E. MERCHANT, District Judge:**

     Plaintiff Charter Oak Fire Insurance Company ("Plaintiff" or "Charter Oak") commenced this action against defendant Utica First Insurance Company ("Defendant" or "Utica") on October 31, 2022.  In its complaint, Charter Oak seeks, among other things, a declaration that Utica is obligated to defend and indemnify a third entity, BEE Associates LLC ("BEE") in an underlying lawsuit entitled *Edwin Gustavo Hernandez Perez v. BEE Associates LLC and Star Indian Cuisine, LLC*, Index No. 601114/2021 in the Supreme Court of the State of New York, County of Nassau (the "Underlying Action").  Before the Court is Charter Oak's motion for partial summary judgment, filed on January 5, 2024.  For the following reasons, Charter Oak's motion for partial summary judgment is granted.

## BACKGROUND

     Charter Oak is an insurance company that is currently defending BEE in connection with the Underlying Action.  Complaint ("Compl."), ECF 1 at 4.  In the Underlying Action, Edwin Gustavo Hernandez Perez ("Perez") brings claims against BEE and Star Indian Cuisine, LLC ("Star Indian").  In his amended complaint, Perez alleges that, while performing construction work at the place of business operated by Star Indian and owned by BEE located at 247-275 West Old

Country Road, Hicksville, NY 11801 (the "Premises"), Perez was "struck by falling construction material and fell from a ladder by reason of the negligence of [BEE and Star Indian], its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of [the Premises] sustaining injuries."  Perez Amended Complaint, ECF 25-7 at 5, 9.  Perez alleges that he was injured while employed by Broadway Printing & Signs ("Broadway Printing"), a company retained by BEE and Star Indian to "provide work, labor and/or services at [the Premises]."  *Id*. at 4, 8.

Charter Oak's involvement in the Underlying Action results from an insurance policy (the "Charter Oak Policy") issued to BEE effective April 17, 2019 to April 17, 2020.  Utica's Response to Plaintiff's Local Rule 56.1 Statement of Material Facts ("Utica's Rule 56.1 Response"), ECF 25-11 at 1.  The Charter Oak Policy, in Section IV(4)(b), states that coverage under the policy is "excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is an additional insured, or is any other insured that does not qualify as named insured, under such other insurance."  *Id*. at 2.

Utica, on the other hand, issued an insurance policy (the "Utica Policy") to Star Indian for the effective dates of September 26, 2018 to September 26, 2019.  *See* Utica Policy, Declaration of Rachel Fain ("Fain Decl."), Ex. 2, ECF 25-5 at 1.  "BEE ASSOCIATES LLC," with a stated address of "244 West 39th Street, New York NY 10018," is listed as an "Additional Insured" under the Utica Policy, "but only with respect to such […] organization's liability for 'bodily injury,' 'property damage,' or 'personal and advertising injury': a. for which [Star Indian is] legally liable, and b. caused, in whole or in part, by [Star Indian's] acts or omissions or the acts or omissions of those acting on [Star Indian's] behalf in connection with that part of the premises shown in the Schedule that is leased to [Star Indian] from [BEE ASSOCIATES LLC]."  *Id*. at 34.

On October 29, 2021, Charter Oak tendered the defense and indemnity of BEE to Utica, contending that it was Utica's responsibility and not Charter Oak's to defend and indemnify BEE in relation to the Underlying Action.   Compl. at 4.   Utica rejected Charter Oak's tender on December 1, 2021.   *Id*.   A subsequent renewed tender was sent by Charter Oak on February 3, 2022, which was rejected on August 11, 2022.   *Id*. at 5.

## LEGAL STANDARD

"A movant is entitled to summary judgment only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"   *Arkorful v. N.Y.C. Dep't of Educ.*, No. 18-CV-3455 (NG) (ST), 2024 WL 298999, at *6 (E.D.N.Y. Jan. 24, 2024) (quoting Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).   Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 322. "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020)) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).   "A fact is material if it might affect the outcome of the suit under governing law." *Id.*

"The movant bears the burden of 'demonstrating the absence of a genuine issue of material fact.'" *Id.* (quoting *Celotex Corp.,* 477 U.S. at 323).   "Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, 'the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" *Arkorful v. N.Y.C.*, 2024 WL 298999 at *7 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).   "While circumstantial evidence may be sufficient to raise a genuine issue of material

fact precluding the grant of summary judgment, a party cannot survive a motion for summary judgment by relying on mere speculation or conjecture as to the true nature of the facts." *Id.* (internal quotation marks and citations omitted).

"In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all permissible factual inferences in favor of the nonmovant." *Sylla v. N.Y. City Dep't of Educ.*, 664 F. Supp. 3d 311, 322 (E.D.N.Y. 2023) (citing *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010)). "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006).

## DISCUSSION

### 1. Coverage Under the Utica Policy

In determining coverage under an insurance policy, "[a]n insurer's duty to defend its insured is exceedingly broad," and if a "complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." *Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 37 (2010). "[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage.'" *BP Air Conditioning Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 714 (2007). "This standard applies equally to additional insureds and named insureds," *Regal Const. Corp.*, 15 N.Y.3d at 37, and "[a]ny ambiguity as to the insurer's duty to defend is resolved in favor of the insured." *International Business Machines Corp. v. Ins. Co. of Am.*, 218 F. Supp. 3d 212, 216 (S.D.N.Y. 2019).

The Utica Policy provides coverage to "BEE ASSOCIATES LLC" as an "Additional Insured" under the Utica Policy "with respect to such […] organization's liability for 'bodily injury,' 'property damage,' or 'personal and advertising injury': a. for which [Star Indian is] legally liable, and b. caused, in whole or in part, by [Star Indian's] acts or omissions or the acts or omissions of those acting on [Star Indian's] behalf in connection with that part of the premises shown in the Schedule that is leased to [Star Indian] from [BEE ASSOCIATES LLC]."  Fain Decl. Ex. 2. at 34.  Charter Oak contends that the Underlying Action triggers coverage under this provision of the Utica Policy.  In response, Utica argues that Charter Oak has not established: (1) that BEE is covered as an additional insured under the Utica Policy, (2) that BEE leased to Star Indian the premises where the alleged incident occurred, and (3) that coverage is proper under the scope of the Utica Policy.

### a.  BEE's status as an additional insured

Utica first contends in response that Charter Oak has not sufficiently established that BEE is an additional insured under the Utica Policy "because [Charter Oak] has not demonstrated that the entity identified [in the Utica Policy] is the entity insured by the Plaintiff."  Declaration of Joseph K. Poe in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Poe Dec."), ECF 25-11 at 1.  Utica notes that the Utica Policy "identifies a 'BEE Associates LLC' located at 244 W. 39th Street, New York, New York, but the alleged Lease and the Department of State's records identify BEE as an entity located at 43 Fern Drive, Jericho, New York."  *Id*. at 2.

Charter Oak contends in response that the entity listed as "BEE ASSOCIATES LLC" in the Utica Policy is the same entity as BEE: the purported discrepancy in the listed addresses for BEE is the unremarkable result of BEE having moved its principal office.  *See* Reply Memorandum of Law ("Reply"), ECF 25-12 at 5.  In support, Charter Oak submitted the Affidavit of Guy Tuvia

(the "Tuvia Affidavit"), ECF 25-13, who attests that he is "the Authorized Person of BEE Associates, LLC," wherein Tuvia "attest[ed] that BEE Associates, LLC previously had a principal office at 43 Fern Drive, Jericho, NY 11753" but "now has a principal office and a mailing address at 244 W. 39th Street, New York, NY 10018." *Id*. at 2.

Though submitted on reply, the Court finds that the Tuvia Affidavit may properly be considered because it "merely responds to matters placed in issue by the opposition brief." *Wilmington PT Corp. v. Tiwana*, No. 19-CV-2035, 2023 WL 4673777, at *11 (E.D.N.Y. June 12, 2023) ("When evidence submitted on reply 'merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers . . . may properly address those issues.'"). Considering the Tuvia Affidavit, the Court finds that BEE is an additional insured under the Utica Policy.

b. *The Star Indian lease*

Utica next contends that Charter Oak has not supported its motion with admissible evidence that BEE leased to Star Indian the premises where the alleged incident occurred. Utica's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Opp."), ECF 25-11 at 7 ("The only leases that Plaintiff annexed to its motion to establish that [Star Indian] leased the premises by BEE are the alleged Lease and Assignment of Lease. However, Plaintiff is not a party to either alleged lease, and the Plaintiff's motion does not include an Affidavit of a person with knowledge of the alleged Lease or the alleged Assignment of Lease attesting that they are what they appear to be.").

In response, rather than contending that the original attempted authentication of the Lease and Assignment of Lease in the Fain Declaration were proper, Charter Oak contends that the newly-submitted Tuvia Affidavit properly authenticated the documents and thereby moots Utica's

argument.  In the Tuvia Affidavit, Tuvia attests that his "capacity within BEE Associates, LLC includes the authority specific to the Lease and the Assignment of Lease to assemble, authenticate and attest-to copies of business documents maintained by and with BEE Associates, LLC."  Tuvia Affidavit at 1.  Tuvia further attests that the Lease and the Assignment of Lease submitted alongside his affidavit are authentic and true.  *Id*. at 2.

Though submitted on reply, the Court finds it proper to consider the Tuvia Affidavit in assessing the authenticity of the Lease and the Assignment of Lease.  *See Wilmington v. Tiwana*, 2023 WL 4673777, at *11 ("When evidence submitted on reply 'merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers . . . may properly address those issues.'").  Because the Tuvia Affidavit properly authenticated both the Lease and the Assignment of Lease, which on their face establish that BEE leased the Premises to Star Indian, the Court finds that Charter Oak has carried its burden on establishing that the Premises was leased to Star Indian by BEE.

      *c.  The Utica Policy's scope*

Lastly, Utica contends that Charter Oak has failed to "show that the alleged injuries were 'caused in whole or in part' by the acts or omissions of [Star Indian] in connection with the premises leased to it by BEE."  Opp. at 9.  Utica contends that Broadway Printing was acting as an independent contractor, that Star Indian did not "ha[ve] any input into or supervisory control over the 'method or means' of" Broadway Printing's work, and that therefore there is no possibility as a matter of law that Utica will have to indemnify BEE for the lawsuit.  Opp. at 11 (citing *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41 (1991) ("[A]n insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision.").

Utica's reliance on *Allstate Ins. Co. v. Zuk* is misplaced: here, Utica has failed to establish as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify BEE.  The Utica Policy provides coverage to BEE "with respect to [BEE]'s liability for 'bodily injury,' 'property damage,' or 'personal and advertising injury': a. for which [Star Indian is] legally liable, and b. caused, in whole or in part, by [Star Indian's] acts or omissions or the acts or omissions of those acting on [Star Indian's] behalf in connection with that part of the premises shown in the Schedule that is leased to [Star Indian] from [BEE ASSOCIATES LLC]." Fain Decl. Ex. 2. at 34.  In the Underlying Action, Perez alleges that he was directly injured "by reason of the negligence of [Star Indian], its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation and/or alteration of" the Premises.  Perez Amended Complaint at 9.  Utica's contention that Broadway Printing acted as an independent contractor does not limit Star Indian's liability for its own allegedly negligent actions in purportedly failing to repair and maintain the Premises.

Moreover, even if Perez's only theory of liability against Star Indian was for the acts of Broadway Printing, Utica's argument would still be unavailing.  The amended complaint in the Underlying Action does not allege that Broadway Printing acted as an independent contractor, merely alleging that "STAR retained BROADWAY PRINTING & SIGNS to provide work, labor and/or services."  Perez Amended Complaint at 8.  The amended complaint does not specify or in any way imply the level of control that Star Indian had over the methods and means of Broadway Printing's work.  At this stage, with the broad allegations before the Court, Utica's contention that Broadway Printing and Perez acted as independent contractors for the purposes of tort liability are entirely premature.  *See Melbourne v. New York Life Ins. Co.*, 271 A.D.2d 296, 297 (1st Dep't 2000) ("Control of the method and means by which work is to be performed, therefore, is a critical

factor in determining whether one is an independent contractor or an employee for the purposes of tort liability.").

Perez's claims fall squarely within the scope of the Utica Policy's coverage language. "An insurer's duty to defend its insured is exceedingly broad," and if a "complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." *Regal Const. Corp.*, 15 N.Y.3d at 37. Here, Perez alleges that he suffered bodily injury due to both the purportedly negligent acts and omissions of Star Indian and those acting on Star Indian's behalf in connection with the Premises, which was leased to Star Indian by BEE. The amended complaint in the Underlying Action therefore brings claims potentially within the scope of the Utica Policy's coverage language.

Because BEE is an additional insured under of the Utica Policy, and because the claims made within in the Underlying Action fall within the ambit of the Utica Policy's coverage, Utica is obligated to defend BEE in connection with the Underlying Action.

## 2. The Utica Policy's Coverage is Primary

Charter Oak contends that the Utica Policy "provides coverage primary to any insurance available to BEE under the Charter Oak Policy." Memorandum of Law in Support of Charter Oak's Motion for Summary Judgment ("MOL"), ECF 25-1 at 10. Utica does not respond to Charter Oak's argument.

"Where the same risk is covered by two or more policies, each of which was sold to provide the same level of coverage (as is the case here), priority of coverage (or, alternatively, allocation of coverage) among the policies is determined by comparison of their respective 'other insurance' clauses." *Sport Rock Int'l, Inc. v. Am. Cas. Co. of Reading, PA*, 65 A.D.3d 12, 18, 878 N.Y.S.2d 339, 344 (1st Dep't 2009).

The Utica Policy, in relevant part, provides that "[i]nsurance under this Commercial Liability Coverage is primary except as provided under paragraph 5.c below, or unless otherwise states.  The amount of our liability is not reduced because of other insurance which applies to the loss on other than a primary basis."  Fain Decl. Ex. 2 at 100.  The exceptions contained in "paragraph 5.c" are unrelated to the facts of the instant action or the Underlying Action.  *See id*. at 100-101.

The Charter Oak Policy, in contrast, provides that "[t]his insurance is excess over […] [a]ny of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is an additional insured, or is any other insure that does not qualify as a named insured, under such other insurance."  Fain Decl. Ex. 1 at 87.

Given that the Utica Policy's coverage is primary and the Charter Oak Policy's coverage is excess over other insurance that is available to BEE when BEE is an additional insured, and because BEE is an additional insured under the Utica Policy, the Utica Policy's coverage of BEE is primary to the Charter Oak Policy's coverage.  *See, e.g., Si Jie Mei, Inc. v. Fire & Cas. Ins. Co. of Connecticut*, No. 03 CIV. 0196 (LLS), 2003 WL 22208376, at *3 (S.D.N.Y. Sept. 23, 2003) (finding that, when interpreting similar contractual language, "since Seneca's insured, Si Ji Mei, was added as an additional insured under the F & C policy, that policy is primary and Seneca's coverage is excess.").

Because Utica owes BEE a duty to defend in the Underlying Action under the language of the Utica Policy, *see supra* 5-9, and because the coverage provided to BEE by Utica is primary and non-contributory to BEE's coverage under the Charter Oak Policy, Utica must reimburse Charter Oak in full for the costs Charter Oak has incurred in defending BEE post-tender.

**CONCLUSION**

For the reasons set forth above, Charter Oak's motion for partial summary judgment is granted.  Utica First Insurance Company is legally obligated to defend BEE Associates LLC in the underlying lawsuit entitled *Edwin Gustavo Hernandez Perez v. BEE Associates LLC and Star Indian Cuisine, LLC*, Index No. 601114/2021 in the Supreme Court of the State of New York, County of Nassau.  The Court, finding no just reason for delay, respectfully directs the Clerk of Court to enter a judgment consistent with this Order.

**SO ORDERED.**

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

Dated: Brooklyn, New York
       July 12, 2024

11